## ANGELA MARIE DePIETRO *v.* STATE OF MARYLAND

[No. 1527, September Term, 1982.]

*Decided June 15, 1983.*

The cause was submitted on briefs to LOWE, WILNER and GARRITY, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Gary W. Christopher, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Richard B. Rosenblatt, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *William Roessler, Assistant State's Attorney for Anne Arundel County,* for appellee.

LOWE, J., delivered the opinion of the Court.

In this appeal from the Circuit Court for Anne Arundel County, Angela Marie DePietro contests her conviction for violating § 286B of the controlled dangerous substances act (Md. Ann. Code, Art. 27, § 286B (1957, 1982 Repl. Vol.)) which prohibits the distribution of a noncontrolled substance as a controlled dangerous substance. This appeal is predicated solely on the contention that the statute is unconstitutional because it is "not rationally related to the legitimate purposes of the controlled dangerous substances subtitle."

Faced with this issue in appellant's pretrial motion to dismiss, the trial judge denied the motion finding that the statute had some relation to the public health, welfare and safety. Although appellant's brief and her pretrial memorandum in support of the motion to dismiss included an argument that the statute was void for vagueness, this aspect was not argued at the hearing or addressed by the judge when he denied the motion, and therefore will not be considered here. Md. Rule 1085. See *White v. State,* 23 Md. App. 151, 156 (1974); *Vuitch v. State,* 10 Md. App. 389, 398 (1970).

We will address only the public purpose contention. We note first the test for determining a statute's constitutionality in that regard:

> "The test for constitutionality under the Due Process Clause is whether a statute, as an exercise of the state's police power, bears a real and substantial relation to the public health, morals, safety, and welfare of the citizens of this state. The exercise by the Legislature of the police power will not be interfered with unless it is shown to be exercised arbitrarily, oppressively or unreasonably. The wisdom or expediency of a law adopted in the exercise of the police power of a state is not subject to judicial review, and the law will not be held void if there are any considerations relating to the public welfare by which it can be supported." *Bowie Inn v. City of Bowie,* 274 Md. 230, 236 (1975) (citations omitted).

The burden of proving that the statute lacks a rational basis is on the party attacking the statute's constitutionality. *Comprehensive Acct. v. Md. State Bd.,* 284 Md. 474, 483-484 (1979).

Appellant argued below and argues here that the statute in actuality protects the buyer from fraud and fails to establish intelligible requirements of criminal intent. While appellant is not alone in suggesting that the statute "seems to provide for 'truth in drug dealings,' "[1] her arguments simply do not rebut the presumption of constitutionality of a duly enacted statute. See *Mason v. State,* 12 Md. App. 655, 676 (1971). Concededly, it is difficult to carry an affirmative burden of proving a negative but pointing out a legal anachronism does not necessarily perform that purpose. Essentially, appellant offered little else to show that the statute bore no relation to its stated purpose of protecting the health and general welfare of the people of Maryland. See *State's Attorney v. Triplett,* 255 Md. 270, 286 (1969). In the absence of evidence which would demonstrate the absence of any such relation to its stated purpose, the presumption of constitutionality must stand. *In Re Trader,* 272 Md. 364, 400 (1974).

It is interesting to note in passing that while the State could have mutely relied upon its presumption in the absence of any evidence to offset it, it did produce testimony from one who was instrumental in drafting the legislation for its adoption by the General Assembly. The draftsman testified that one purpose of the statute was not only to "get dealers in the illegal drug market who were moving into [sales of] look-alike drugs", but also to protect the public from the potential health dangers posed by the possibility of subsequently overdosing through confusion after experiencing the impotence of the look-a-likes. While such

---

[1]. Gilbert & Moylan, *Maryland Criminal Law: Practice and Procedure* § 16.5 (1983).

testimony is neither compelling nor weighty as legislative intent, it does provide a logical explanation of public purpose.

*Judgment affirmed.*
*Costs to be paid by appellant.*